## Burnside Excelsior Company v. Bryant.

(Decided February 4, 1919.)

### Appeal from Boyle Circuit Court.

1. Logs and Logging—Timber Contract—Action for Deficiency—Evidence—Sufficiency.—In an action for deficiency upon a sale of timber, evidence examined and held that the jury's finding in favor of the defendant was not flagrantly against the evidence.

2. Logs and Logging—Timber Contract—Action for Deficiency—Evidence—Admissibility.—In an action for deficiency upon a sale of timber, where no question of title was presented, evidence, as to

how much timber had been cut and how much remained on the lands of the defendant, was not inadmissible on the ground that the witnesses were permitted to prove the defendant's title by parol evidence.

VIRGIL P. SMITH and C. C. BAGBY for appellant.

E. V. PURYEAR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

By written contract dated November 19, 1907, Roberta S. Bryant sold to the Burnside Excelsior Company all of the linn and buckeye timber, suitable for making excelsior, then growing upon her lands situated on either side of the Cumberland river, or any of its tributaries, between Jasper's Ferry and Cumberland Falls. The Burnside Excelsior Company was to pay therefor $1.00 per cord and ten cents per cord for inspection, and was to have two years in which to cut and remove the timber. At the same time, it paid to Mrs. Bryant the sum of $1,000.00, as an advance payment on the timber. Before the expiration of the time for cutting and removing the timber the Burnside Excelsior Company paid an additional $50.00, in consideration of which, the time was extended for another year.

Alleging that Mrs. Bryant furnished and delivered only 362 cords of timber, and that the $50.00 paid for the extension of the agreement was without consideration, the Burnside Excelsior Company brought this suit to recover the difference between the value of the timber furnished, and the $1,000.00 paid, or the sum of $638.00, together with the sum of $50.00. It further alleged that by reason of defendant's failure to deliver the one thousand cords of wood it was compelled to purchase other wood at an expense of $1.00 per cord, and by reason thereof, had been damaged in the sum of $638.00. The allegations of the petition were denied by answer and a trial before a jury resulted in a verdict and judgment for defendant. Plaintiff appeals.

It appears from the record that Mrs. Bryant owned a very large body of land. After the contract was made, she notified plaintiff not to cut the timber on the lands known as the Stringer and Hudson tracts and the Campbell tracts, because those tracts were in litigation. The

only substantial issue in the case was whether defendants delivered to plaintiff one thousand cords of linn and buckeye timber suitable for making excelsior. If she did, then it was the duty of plaintiff to cut and remove it within the time fixed by the contract. If she did not, then plaintiff was entitled to recover the difference between the value of the timber furnished and the $1,000.00. Five witnesses testified for the plaintiff, and their evidence is to the effect that, after the 362 cords of timber were cut, there remained upon what was known as the Bryant lands, excluding the Stringer and Hudson and Campbell tracts, practically no linn and buckeye timber suitable for making excelsior. On the other hand, L. E. Bryant, a son and agent of defendant, testified that plaintiff's manager represented to him, at the time the contract was made, that there were five thousand cords of linn and buckeye timber on the Bryant land suitable for making excelsior. He further stated that, in his opinion, there were more than five thousand cords of such timber on the land at that time. Two other witnesses were introduced, whose testimony tended to show that there was still left on the Bryant land more than enough timber to make up the deficit between the amount cut by plaintiff and the amount paid for. While it is true that the numerical weight of the testimony is in favor of plaintiff, the cross-examination of the witnesses for plaintiff developed the fact that the Bryant lands embraced many thousands of acres, and that the examination which those witnesses made of the lands was not as thorough as it might have been. Under these circumstances, we are not prepared to say that the jury's finding is flagrantly against the evidence.

Another ground urged for reversal is that defendant's witnesses were permitted to prove Mrs. Bryant's title to the land by parol evidence. With the exception of the Stringer and Hudson tracts and the Campbell tracts, to which the testimony complained of did not relate, no question of title was presented. The only question was how much timber had been cut, and how much remained on the other Bryant lands. The evidence complained of bore on these questions entirely, and not on the ownership of the land. Therefore, its admission was not error.

Judgment affirmed.